UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA (MIAMI)

IN RE:                                                      Case No.:17-15633-LMI

JUAN CARLOS DE LEON,                                        Chapter 13
AKA JUAN CARLOS DE LEON DAVILA,

_____Debtor._____ /

OBJECTION BY CREDITOR TO CONFIRMATION OF PLAN

COMES NOW Secured Creditor, Asset Management Acceptance Corp DBA AMAC, by and through its undersigned counsel, and files this written objection to confirmation of Debtor's Proposed Chapter 13 Plan, pursuant to Bankruptcy Rules §3015(f), §9014 and all other applicable provisions of the Bankruptcy Code and as grounds therefor states:

1. On November 8, 2001, Debtor, Juan Carlos De Leon and Non-Filing Co-Debtor, Blanca P. DeLeon executed and delivered a Retail Installment Contract Mobile Home Security Agreement ("Note") in the amount of $19,831.00 to Secured Creditor. Secured Creditor holds a lien on the property, the ("Subject Property") legally described as:

```
DESCRIPTION OF MOBILE HOME:        New ( )    Used (X)
Trade Name: Fleetwood              Year: 1989
Model: Sunpointe    Length: 28    Width: 48
Serial Number: FLFLK32A104025T  Serial Number: FLFLK32B104025T
Appliances contained in home: Range ✓  Refrigerator ✓  Dishwasher___
                              Central air conditioner ✓  Wall unit air conditioners ( )___
                              Washer___  Dryer___  Disposal___
Appendages                    Screen room___  Carport ✓  Shed ✓  Awnings ( )___
```

2. The amount of Secured Creditor's claim as of the date of filing will be set forth in the Secured Creditor's Proof of Claim to be filed on or before the Claims Bar Date, February 7, 2018.

3. The Plan fails to include the pre-petition arrearage amount. It is anticipated that Secured Creditor's claim will show the pre-petition arrearage due to Secured Creditor is $32,928.03. Therefore, the Plan is not in compliance with the requirements of 11 U.S.C. §§1322(b)(3) and 1325(a)(5) and cannot be confirmed.

4. The plan contains an incorrect monthly payment amount of $161.47. The correct current monthly payment amount is $377.93. This payment amount includes principal and interest.

5. The Chapter 13 Plan does not comply with 11 U.S.C. §1325 and 11 U.S.C. §1322 as the Plan fails to cure the pre-petition default and is not accepted by the Secured Creditor.

6. The Chapter 13 Plan proposes to value Secured Creditor's claim at $9,688.20. Secured Creditor disputes this valuation. Until a final determination on valuation occurs, it would be premature to consider confirming Debtor's Chapter 13 Plan.

7. In addition to the valuation issue, Secured Creditor objects to the proposed interest rate. The Debtor is proposing an interest rate of 3.5%, which is inadequate to assure that property distributed to Secured Creditor under the plan will have a value, as of the effective date of the plan that is not less than the allowed amount of such claim.

8. In *Till v. SCS Credit Corp,* 541 U.S. 465, 12 S.Ct. 1951 (2004), the U.S. Supreme Court addressed the appropriate cram down interest rate under 11 U.S.C. §1325(a)(5)(B)(ii). *Till* adopts the "formula approach", which looks to the national prime rate, as reported daily in the press, and adds appropriate "risk adjustment'. Although *Till* does not specify what the risk adjustment should be, it

states that courts generally approve adjustments of 1-3%. Accordingly, Secured Creditor maintains that, lacking evidence to the contrary, a risk adjustment of 2% is reasonable.

9. The prime rate, as published in the Wall Street Journal, is currently 4.25%. Accordingly, Secured Creditor maintains that the Court should not approve a cram down interest rate less than 6.25%.

10. The loan matured on December 16, 2016. Thus, pursuant to §1322(b)(5), the entire loan must be paid in full during the pendency of the Chapter 13 plan since the last payment is due after the date on which the final payment under the plan is due.

WHEREFORE, Secured Creditor respectfully requests that this Court sustain the objections stated herein and deny confirmation of the Debtor's Plan, and for such other and further relief as this Court deems just and proper.

DATED this 30th day of October 2017

Respectfully submitted,

/S/ Seth Greenhill

SETH GREENHILL, ESQ.
Florida Bar # 97938
PADGETT LAW GROUP
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312
(850) 422-2520 (telephone)
(850) 422-2567 (facsimile)
SGreenhill@padgettlaw.net
*Attorney for Creditor*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the parties on the attached Service List by electronic notice and/or by First Class U.S. Mail on this 30th day of October, 2017:

/S/ Seth Greenhill

SETH GREENHILL, ESQ.
Florida Bar # 97938
PADGETT LAW GROUP
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312
(850) 422-2520 (telephone)
(850) 422-2567 (facsimile)
SGreenhill@padgettlaw.net
*Attorney for Creditor*

**SERVICE LIST (CASE NO. 17-15633-LMI)**

Debtor
Juan Carlos De Leon
5612 NW 206 Terrace
Lot 872
Opa Locka, FL 33055

Attorney for Debtor
Jacqueline C Ledon
4343 West Flagler Street, Suite 100
Miami, FL 33134

Trustee
Nancy K. Neidich
www.ch13miami.com
POB 279806
Miramar, FL 33027

U.S. Trustee
Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130