**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA (MIAMI)**

IN RE:                                                                                       Case No.:17-15633-LMI

JUAN CARLOS DE LEON,                                                        Chapter 13
AKA JUAN CARLOS DE LEON DAVILA,

_____Debtor._____/

**OBJECTION TO DEBTOR'S**
**EMERGENCY MOTION TO REINSTATE CASE[D.E. 107]**

COMES NOW Asset Management Acceptance Corp DBA AMAC ("AMAC"), by and through its undersigned legal counsel, and files this written objection to Debtor's Emergency Motion to Reinstate Case [D.E. 107], and as grounds therefor states:

**FACTUAL OVERVIEW**

1. AMAC is a secured creditor holding a secured claim on the Debtor's property, a 1989 28 x 48 Fleetwood Manufactured Home, Sunpointe Model, Serial # FLFLK32A104025T and FLFLK32B104025T, in the approximate amount of $32,928.03.

2. The Debtor filed the instant Chapter 13 Bankruptcy on May 3, 2017.

3. On June 28, 2017, the Trustee filed a Notice of Deficiency for Confirmation [D.E. 27].

4. On July 7, 2017, the Trustee filed a Request for Entry of Order Dismissing Case for Failure to Make Pre-Confirmation Plan Payments [D.E. 30].

5. On July 10, 2017, the Trustee filed a second Notice of Deficiency for Confirmation [D.E. 31].

6. An Order Granting Trustee's Request for Order Dismissing Case for Failure to Make Pre-Confirmation Plan Payments [D.E. 32] was entered on July 10, 2017.

7. On August 31, 2017, Debtor filed a Motion to Reinstate Case [D.E. 34]. An Amended Motion to Reinstate Case [D.E. 38] was filed on September 1, 2017.

8. An Emergency Motion to Reinstate Case [D.E. 40] was filed by the Debtor on September 22, 2017. The matter was scheduled for hearing on September 27, 2017.

9. On September 27, 2017, an Order Granting Motion to Reinstate Case [D.E. 43] was entered on the docket.

10. On October 30, 2017, AMAC filed an Objection to Confirmation of Debtor's Chapter 13 Plan [D.E. 49]. The objection referenced the lack of pre-petition arrearage to AMAC in the proposed plan as well as the proposed valuation of AMAC's claim.

11. On November 21, 2017, the Trustee filed a third Notice of Deficiency for Confirmation [D.E. 53].

12. Debtor filed a First Amended Plan [D.E. 58] on December 5, 2017.

13. On December 28, 2017, the Trustee filed a Fourth Notice of Deficiency for Confirmation [D.E. 72].

14. AMAC filed an Amended Objection to Confirmation of Debtor's Chapter 13 Plan [D.E. 73] on January 4, 2018. The Amended Objection referenced the lack of pre-petition arrearage, a correct monthly payment and the proposed reduction in interest rate on AMAC's claim.

15. On January 9, 2018, Debtor filed a Second Amended Chapter 13 Plan [D.E. 74].

16. On January 11, 2018, Debtor filed an Objection to Claim [D.E. 76] against AMAC.

17. On January 24, 2018, the Trustee filed a Fifth Notice of Deficiency of Confirmation [D.E. 81].

18. An Agreed Order Sustaining Objection to Claim [D.E. 82] was entered on January 26, 2018.  The Order established the interest rate on AMAC's claim at 6%.

19. On February 6, 2018, Debtor filed a Third Amended Chapter 13 Plan [D.E. 84].

20. On February 22, 2018, the Trustee filed a Sixth Notice of Deficiency for Confirmation [D.E. 87].

21. Debtor filed a Fourth Amended Chapter 13 Plan [D.E. 88].

22. On March 28, 2018, the Trustee filed a Seventh Notice of Deficiency for Confirmation [D.E. 94].

23. On April 19, 2018, the trustee filed Notice of Non-Compliance [D.E. 95] and a Request for Entry of Order Dismissing Case upon Denial of Confirmation of Plan [D.E. 96]. This was due to the fact that the Debtor was supposed to become current with $652.85 by five o'clock in the afternoon.

24. An Order Granting Trustee's Request for Order Dismissing Case Upon Denial of Confirmation of Plan [D.E. 105] was entered on May 3, 2018.  The Case was dismissed with a prejudice period of 180 days.

25. On June 6, 2018, Debtor filed the instant Emergency Motion to Reinstate Case [D.E. 106], stating that Debtor has obtained a new job and has made all past due plan payments to the undersigned counsel's trust account.  In addition, Debtor is attempting to reinstate the case in order to stop a writ of possession on his home.

## **LEGAL ARGUMENT**

26. AMAC opposes the Debtor's attempt to reinstate this instant case and requests that the Court honor the 180 day prejudice period.

27. At all times hereto AMAC has acted in good faith and attempted to work with the Debtor in order to come up with a confirmable chapter 13 plan, including agreeing to an interest rate reduction from 22% to 6%.

28. Said interest rate reduction was necessary to allow for the Debtor to pay AMAC since AMAC recognizes the importance of having a performing loan.

29. By the same token, AMAC has been unduly prejudiced by the filing of this bankruptcy that is hindering and delaying AMAC from exercising its lawful state court remedies.

30. It is clear, based on the history of this case, that the Debtor does not have the wherewithal or intent to be in a Chapter 13 Bankruptcy.

31. AMAC believes that it is best for this case to remain dismissed, or if reinstated, be converted to a Chapter 7. *See In re Ellsworth, 455 B.R. 904 (B.A.P. 9th Cir. 2011)* (holding that Debtor's unjustified failure to expeditiously accomplish any task required either to propose or to confirm a Chapter 13 plan may constitute cause for dismissal).

32. AMAC also believes that the Debtor's failure to have a Chapter 13 Plan confirmed in over a year shows a lack of good faith.

33. All of the Circuit Courts have embraced a "totality of the circumstances" approach to analyzing good faith, which involves consideration of a number of factors related to the contents of a Debtor's plan <u>as well as conduct of the Debtor,</u>

following the Eight circuit's lead *In re Estus*, 695 F.2d 311 (8th Cir. 1982), and the Eleventh Circuit's later analysis in *In re Kitchens,* 702 F.2d 885 (11th Cir. 1983).

34. According to *Kitchens*, the prior conduct of the Debtor can be considered in determining whether the Debtor is demonstrating the sincerity and effort required to pass muster under §1325(a)(3) of the Bankruptcy Code. The Eleventh Circuit listed the following factors, among others, as indicative of bad faith:

    (5) the motivations of the Debtor and his sincerity in seeking relief under the provisions of Chapter 13
    (6) the Debtor's degree of effort;

    (9) the frequency with which the Debtor has sought relief under the Bankruptcy Reform act and its predecessors; [and]
    (10) the circumstances under which the Debtor has contracted his debtors and has demonstrated bona fides, or lack of same, in dealings with his creditors. *Kitchens,* 702 F,2d at 888-89.

35. In light of the foregoing, AMAC requests that the 180 day prejudice period remain. However, if this Court is willing to reinstate this case, AMAC requests that it be converted to a Chapter 7. If on the other hand, this Court will allow the case to be reinstated and remain a Chapter 13, AMAC requests that it be entitled to prospective relief for a period of one year following any subsequent dismissal of this case for any reason.

WHEREFORE, Asset Management Acceptance Corp DBA AMAC requests that this Honorable Court grant the following relief:

   a. Deny the Debtor's Emergency Motion to Reinstate; or in the event that the Emergency Motion to Reinstate is granted;

   b. Require that this case be converted to a Chapter 7; or

  c. Enter an Order prohibiting the Debtor from filing for bankruptcy protection for a period of 180 days following any subsequent dismissal of this case for any reason;

  d. And for such other and further relief this Court may deem just and proper.

DATED this 7th day of June 2018

            Respectfully submitted,

            /S/ Seth Greenhill

            _____
            SETH GREENHILL, ESQ.
            Florida Bar # 97938
            PADGETT LAW GROUP
            6267 Old Water Oak Road, Suite 203
            Tallahassee, FL 32312
            (850) 422-2520 (telephone)
            (850) 422-2567 (facsimile)
            SGreenhill@padgettlaw.net
            *Attorney for Creditor*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the parties on the attached Service List by electronic notice and/or by First Class U.S. Mail on this 7th day of June 2018:

/S/ Seth Greenhill

_____
SETH GREENHILL, ESQ.
Florida Bar # 97938
PADGETT LAW GROUP
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312
(850) 422-2520 (telephone)
(850) 422-2567 (facsimile)
SGreenhill@padgettlaw.net
*Attorney for Creditor*

**SERVICE LIST (CASE NO. 17-15633-LMI)**

Debtor
Juan Carlos De Leon
5612 NW 206 Terrace
Lot 872
Opa Locka, FL 33055

Attorney for Debtor
Jacqueline C Ledon
4343 West Flagler Street, Suite 100
Miami, FL 33134

Trustee
Nancy K. Neidich
www.ch13miami.com
POB 279806
Miramar, FL 33027

U.S. Trustee
Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130