UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re: Juan Carlos De Leon                    Case No. 17-15633-LMI
                                              Chapter 13

        Debtor
_____/

## DEBTOR'S RESPONSE IN OPPOSITION TO SUN HOMES/SUN COMMUNITIES' MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Debtor, Juan Carlos De Leon, hereby files this response in opposition to Sun Homes/Sun Communities' Motion for Stay Relief and states as follows:

1. Sun Homes/Sun Communities ("Creditor") filed its Motion for Relief from Automatic Stay on June 11, 2021 (ECF No. 181.) The Creditor (D/B/A Miami Lakes Venture Associates) owns the mobile home park upon which the Debtor's mobile home is situated. The Debtor's confirmed Fifth Modified Plan provides for cure-and-maintain payments to the Creditor.

2. The Creditor's Amended Proof of Claim (No. 3-2) states that it holds a Claim against the Debtor's property in the amount of $3,813.44. According to Paragraph 11 of the creditor's Motion for Stay Relief, the property in question is valued at $14,768.000.00.

3. The Creditor asserts that it is entitled to relief from the automatic stay so that it can evict the Debtor and his family from their home for purported violations the mobile home park community rules with respect to the condition of the Debtor's mobile home.

4. The Creditor invokes the provisions of Fla. Stat. 723, *et. sec*. (the "Florida Mobile Home Act") as the basis for stay relief. Specifically, the Creditor seeks relief pursuant to Fla. Stat. 723.061.

5. Fla. Stat. 723.061(1)(c) holds that for any eviction based on a purported violation of mobile home park rules, the park owner must provide written notice to the homeowner within 30 days of the purported violation and give the homeowner the opportunity to correct the violation.

6. Florida Courts have held, "Compliance with the written notice requirements of Florida Statutes §723.061 is a condition precedent to instituting a court action to evict a mobile home owner from a mobile home park." *Heritage Financial Group Inc. v. West*, 7 Fla. L. Weekly Supp. 45a (Escambia Co. 1999); See also *Blair's Jungle Den, Inc. v. Hancock*, 20 Fla. L. Weekly Supp. 278b (Volusia Co. 2012).

7. In this case, the Creditor failed to provide the Debtor with any written notice of purported violations of the park rules. No such written notice is attached to the Creditor's Motion for Stay Relief and the Debtor denies receiving any notice.

8. Because the Creditor failed to provide the statutorily-required notice, the Debtor has been deprived the opportunity to cure any alleged violations.

9. Fla. Stat. 723.061(1)(c) also holds, "A properly promulgated rule or regulation may not be arbitrarily applied and used as grounds for eviction."

10. The Debtor asserts that the Creditor is arbitrarily applying the park rules against him because it did not notify him that conditions of his mobile home were violations of the park rules.

11. The Debtor further asserts that certain conditions of his mobile home that the Creditor now alleges constitute violations of the park rules were in existence at the time he purchased the home from its previous owner and were never identified as violations until now.

12. The Debtor disputes the factual basis of allegations that certain conditions of his home are, in fact, violations of the park rules.

13. In response to the Creditor's allegation of non-payment, the Debtor states that he recently sent payments to the Chapter 13 Trustee in the total amount of $2,758.22, which will make him substantially current on payments under the terms of his confirmed Fifth Modified Plan. *See* Money Order Receipts attached to hereto as an Exhibit (as of the time of this Response, this payment has not yet been processed by the Chapter 13 Trustee).

14. Bankruptcy Courts have held, "Exercising discretion in determining cause for stay relief requires the balancing of hardships and the consideration of the totality of circumstances." *In Re Avila*, 311 B.R. 81, 83-84 (Bankr.N.D. Cal. 2004) (citing *In Re Kennedy* 165 B.R. 488, 490 (Bankr.W.D. Wash 1994)).

15. In the instant case, a consideration of the totality of circumstances weighs in favor of denying the Motion for Stay Relief. The Debtor resides in the property in question with his family. The Debtor did not have the opportunity to address the alleged violations of the park rules before being served with the Motion for Stay Relief because the Creditor failed to provide him notice, as it was required to do under applicable law. The Debtor has sent plan payments to the Chapter 13 trustee which are sufficient to make him substantially current on his confirmed Plan. The Debtor would suffer a tremendous hardship if he lost the home where he resides with his family to eviction.

WHEREFORE, The Debtor requests that this Court deny the Creditor's Motion for Stay Relief and provide all other relief which this Court deems just and proper.

Respectfully submitted,

LEGAL SERVICES OF GREATER
MIAMI, INC.

BY_____/s/_____
    Matt Bayard Esq.

3

Florida Bar No. 32209
Attorney for Debtor
4343 W. Flagler Street, Suite 100
Miami, FL 33134
Telephone: (305) 438-2413
Mbayard@legalservicesmiami.org

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the forgoing Response was sent to by CM/ECF this 29th Day of June, 2021 to:

Christopher Giacinto on behalf of Creditor Sun Homes / Sun Communities
cgiacinto@hotmail.com, bkecf@Padgettlawgroup.com

Seth J Greenhill on behalf of Creditor Sun Homes / Sun Communities
sgreenhill@padgettlaw.net,
desiree.wyatt@padgettlawgroup.com;angelica.reyes@padgettlawgroup.com;NSbkecf@padgettlaw.net;PLG@ecf.courtdrive.com;bkecf@padgettlaw.net

By:/s/_____
Matt Bayard Esq.